IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEATRICE HUDSON, | ) | |
| | ) | 8:05cv287 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 7, the Motion for Clarification filed by the plaintiff, Beatrice Hudson.  In this action, the plaintiff sued the City of Omaha and the Nebraska Equal Opportunity Commission  ("NEOC"), an agency of the State of Nebraska.  As to the City of Omaha, the plaintiff alleged in her initial complaint that on March 22, 2005 and June 15, 2005, Omaha police officers engaged in racial profiling by stopping her and issuing citations.  In an unrelated claim, the plaintiff complained that the NEOC improperly referred her charges of employment discrimination to the Equal Employment Opportunity Commission ("EEOC") for investigation.

The plaintiff has previously sued the NEOC without success in at least one other recent case in this court.  In Case No. 8:05cv151, the plaintiff stated that after filing twenty-six (26) or more charges of discrimination with the NEOC between December 4, 2002 and February 1, 2005, she received a letter from the NEOC stating that all future charges filed by her would be deferred to the EEOC for investigation.  Magistrate Judge F. A. Gossett noted in Case No. 8:05cv151 that "if the NEOC decides to defer to the EEOC, the court is aware of no legal basis for  enjoining the NEOC from doing so.  The plaintiff points to no provision of Title VII [of the Civil Rights Act of 1964] which renders the NEOC's action

illegal." (See Case No. 8:05cv151, filing no. 4 at 2.)   The court agrees with Magistrate Judge Gossett.  The plaintiff may not recover monetary, injunctive or declaratory relief against the NEOC for many reasons, including for the reason that the NEOC and the EEOC have concurrent jurisdiction to investigate charges of employment discrimination in Nebraska.

The court also notes that this is one of sixteen cases filed by the plaintiff in approximately the last year, at least eight of which have involved claims against the City of Omaha and its agencies such as the police department and the public library.  The plaintiff has prevailed in none of those cases, and many have been dismissed as frivolous. Many of the cases involved various hostile encounters between the plaintiff and persons of other ethnic or racial origins, after which the plaintiff received a ticket or other restraint.

In her Motion for Clarification (filing no. 7), the plaintiff states that she has decided to pursue her claim regarding the police officer's conduct on March 22, 2005 in another pending case against the City of Omaha, i.e., Case No. 8:05cv270.  Therefore, the plaintiff's claim based on the March 22, 2005 incident must be dismissed from the above-entitled action.  See Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 554 (8th Cir. 2001):  "Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time."

In filing no. 7, the plaintiff states that she would like to continue to litigate her claim in this case based on the ticket issued on June 10, 2005.  However, the court has already determined (filing no. 5) that the original complaint in this litigation failed to state a claim on which relief may be granted.  The court denied the plaintiff's motion to proceed in forma pauperis, directed the plaintiff to cure the deficiencies in the original complaint by filing an

amended complaint, and gave the plaintiff a deadline of September 1, 2005 to pay the court's filing fee.  The plaintiff's Amended Complaint (filing no. 6) not only fails to cure the deficiencies of the initial complaint, but it is wholly silent about the June 10, 2005 incident. In addition, the plaintiff has failed to pay the court's filing fee.

Therefore, this case and the plaintiff's complaint, as amended, are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]  A separate judgment will be entered accordingly.

SO ORDERED.

DATED this 21st day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge

---

[1]See 28 U.S.C. § 1915(e)(2), which states:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or

(B) the action or appeal–
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.